# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

WATCHES OF SWITZERLAND, LLC,

    *Plaintiff,*

v.

SHAWN CARTER CREATIVE, LLC, and
JAY GULLION,

    *Defendants.*

_____/

## COMPLAINT

Plaintiff, Watches of Switzerland, LLC, brings this action for (i) declaratory judgment and (ii) conversion, and in support states:

1. This is an action for declaratory relief as Watches of Switzerland LLC's former employee, Jay Gullion, and vendor, Shawn Carter Creative, LLC, have both claimed that they own certain intellectual property which was created as work made for hire in connection with Mr. Gullion's duties under his employment with Watches of Switzerland, LLC. Also, Watches of Switzerland LLC seeks the return of two campaigns which Mr. Gullion has refused to turn over to Watches of Switzerland LLC.

### Parties, Jurisdiction, and Venue

2. Plaintiff, Watches of Switzerland, LLC ("WOS"), is a limited liability company with its principal place of business in Sunrise, Florida.

3. Defendant, Shawn Carter Creative, LLC ("SCC") is an Ohio limited liability company which conducts substantial and not isolated business activities in Florida.

4. Defendant, Jay Gullion, is the owner of SCC and is a resident of Ohio.

5. This civil action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of events involved in this action occurred in this District, the property that is the subject of this action is situated in this District, and because SCC and Mr. Gullion regularly conduct and/or transact business in this district.

7. The Court has personal jurisdiction over SCC pursuant to sections 48.193(1)(a)(1) and (2), Florida Statutes because: (i) Defendant conducts business, namely, selling and/or offering to sell services, including those related to the allegations of this lawsuit, in the state of Florida in this district; and (ii) the Defendant has caused injury to property within Florida, arising out of an act or omission by Defendant outside of Florida, while engaged in solicitation of service activities within Florida or while products, materials, or things processed, serviced, or manufactured, by Defendant were used or consumed within Florida in the ordinary course of commerce, trade, or use.

8. SCC is subject to personal jurisdiction in the Court, pursuant to section 48.193(2), Florida Statutes because SCC engaged in substantial and not isolated

activities in Florida. Specifically, SCC conducted and solicited business in this District, derived revenue from services rendered in this district, and the dispute over copyright ownership arose from activities that occurred within this district.

9. Mr. Gullion is subject to personal jurisdiction in the Court, pursuant to section 48.193(2), Florida Statutes because Mr. Gullion engaged in substantial and not isolated activities in Florida through his direct engagement with WOS in conjunction with his employment, and otherwise.

## Factual Allegations

10. This dispute has arisen between the parties as to the ownership of the copyright to numerous photographs and videos used in WOS marketing campaigns (the "Works"), many of which were created while Mr. Gullion was an employee of WOS.

11. WOS is a luxury, direct-to-consumer provider of fine jewelry and timepieces with its principal place of business in Sunrise, Florida. WOS customers can purchase products through Watches of Switzerland websites and at various physical retail locations.

12. Mr. Gullion began his employment with WOS as its Creative Director in April 2022, and he remained a full-time employee of WOS through April 2025.

13. During his employment Mr. Gullion was paid wages for his work, was provided employee benefits similar to other comparable employees at the company, and was subject to the policies and procedures governing employees of the company.

3

14. Mr. Gullion produced the Works for WOS as work made for hire and within the scope of his employment.

15. Although Mr. Gullion worked remotely from Ohio, he traveled to South Florida several times during his employment to create content for WOS and meet with other WOS employees.

16. While Mr. Gullion was a WOS employee, he confirmed to WOS that any intellectual property he created, including designs, logos, websites, layouts, photos, or videos, was owned by WOS, and if he were to leave his employment, such ownership and usage rights would remain with WOS.

17. In connection with the creation of the work performed by Mr. Gullion in the scope of his employment, some production costs and services for some of the Works were paid through SCC.

18. The Works created with Mr. Gullion during his employment, and for which some production services were provided by SCC, were made at the instance and expense of WOS, and WOS was the motivating factor for the creation of the Works.

19. WOS retained all control over the creation of the Works, as well as the power to direct and supervise the creation of the Works.

20. WOS would ultimately bear the expense of production of the Works.

21. After Mr. Gullion's employment with WOS concluded, he began to assert that he is the owner of the Works.

22. First, Mr. Gullion sent a demand asserting copyright infringement and asserting that either Mr. Gullion or SCC possessed the rights to the Works.

23. Mr. Gullion followed that assertion by sending sworn Digital Millennium Copyright Act copyright notices to WOS's online service providers claiming under oath that he is the owner of many of the Works.

24. On the other hand, SCC filed a copyright infringement claim against WOS's parent company, Watches of Switzerland Group USA, Inc., alleging that SCC is the owner of the Works.

25. Also, Mr. Gullion also filed a meritless Charge of Discrimination with the Equal Employment Opportunity Commission alleging discrimination, retaliation, and a failure to accommodate based on an unknown disability.

26. WOS has retained undersigned counsel and is obligated to compensate counsel for its services.

**Claims for Relief**

**Count I – Declaratory Judgment
(Against both Defendants)**

27. WOS realleges and reincorporates the allegations set forth in paragraphs 1 through 26.

28. This is a declaratory judgment action under federal intellectual property law and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). An actual, justiciable controversy exists by way of Defendants' conflicting demands and claims of ownership of WOS's intellectual property.

29. As detailed above, both Defendants have asserted, and continue to assert, that they own the Works, including but not limited to:

a) RCPO 1 (Daytona)
b) RCPO 2 (GMT)
c) QB 1 feat Breitling
d) RCPO x Huso x Amex Private Event
e) Jacob & Co x Wynn Las Vegas Video Premiere
f) GPHG Exhibition NYC 2024
g) Kings Trust x Gareth Southgate
h) Watches & Wonders 2024
i) Patek Philippe Greenwich Opening
j) Bovet x Bond Street Film Premiere and Private Dinner
k) Ulysse Nardin x Hypebeast Film Premiere
l) Kodama feat Grand Seiko
m) Hold it Down feat Omega
n) Fantasy featuring Omega
o) Lane e Cotoni feat Chopard
p) Advantage, In feat TAG Heuer
q) Medina feat Longines
r) Shuto feat TAG Heuer
s) 46.2194N 7.3431 feat Ulysses Nardin
t) Sun, Rise feat Bovet
u) The World is Yours feat Jacob & Co
v) Mayors Holiday Jewelry Campaign
w) Bespoke feat Benjamin Javaheri
x) Amex Centurion x WOSG Private Event
y) GPHG Exhibition NYC 2023
z) Repairs & Service Group / Luxury Services
aa) Watches & Wonders 2023
bb) Wedding Day, and Beyond / Mayors
cc) Seven Brides / Mayors
dd) Black and Blue / Betteridge
ee) Catch the Shimmer Multibrand Jewelry / Mayors
ff) St. Barths Day Two Multibrand Jewelry / Mayors
gg) The Gift of Glitz
hh) Time Travels
ii) GPHG Exhibition NYC 2022
jj) Goop x WOSG
kk) The Hamptons Summer Classic
ll) An Evening with Brian Cox
mm) Watches & Wonders 2022
nn) Stahl House

   oo) Reflector
   pp) Anytime. Anywhere.
   qq) Mayors Multibrand Jewelry Day One / Juana Burga
   rr) Mayors Multibrand Jewelry Day Two / Gizele Oliveria
   ss) RCPO 3
   tt) RCPO 4

30. Any and all contributions made by Defendants to the creation of the Works were "work made for hire" for WOS as defined in United States Code, section 101. As such, the Defendants acquired no copyright or ownership interest in the Works, and WOS is the sole copyright holder in the Works.

31. The Defendants contend that they hold copyright interests in some or all of the Works, which demonstrates that there is a substantial controversy between the Parties and that there are adverse legal interests amongst them.

32. There is an actual and substantial controversy of a justiciable nature between the parties arising under federal copyright law entitling WOS to declaratory relief, as well as a bona fide, actual, present practical need for a declaration concerning WOS's rights to the Works.

33. WOS's rights are dependent upon the facts or the law applicable to the facts.

34. WOS will suffer immediate, irreparable, and uncompensable damages unless declaratory relief is granted.

35. The parties have an actual, present, adverse and antagonistic interest in the subject matter, and the antagonistic and adverse interest(s) are all before the Court by proper process.

36.     Pursuant to Federal Rule of Civil Procedure Rule 57, WOS requests a speedy hearing of this claim.

WHEREFORE, Plaintiff, WOS, respectfully requests the Court to enter an order: (i) declaring that WOS is the sole copyright owner in each of the Works, (ii) that Defendants have no ownership interest in the Works, and (iii) awarding such other and further relief that the Court deems just and proper.

### Count II – Conversion
### (Against Mr. Gullion)

37.     WOS realleges and reincorporates the allegations set forth in paragraphs 1 through 26.

38.     At all material times, WOS was the sole owner of the copyrights in each of the Works, including two Works created near the end of Mr. Gullion's employment with WOS, namely RCPO 3 and RCPO 4.

39.     Mr. Gullion has exercised wrongful dominion and control over RCPO 3 and RCPO 4, and remains in possession of RCPO 3 and RCPO 4, and has refused to turn them over to WOS.

40.     WOS has been deprived of its right of possession of RCPO 3 and RCPO 4.

41.     As a direct and proximate result of Mr. Gullion's conversion, WOS has been irreparably harmed and suffered damages.

WHEREFORE, Plaintiff, WOS, respectfully requests the Court to enter an order: (i) requiring Mr. Gullion to return RCPO 3 and RCPO 4 to WOS, (ii) awarding damages to WOS, and (ii) awarding such other and further relief that the Court deems just and proper.

Respectfully Submitted,

/s/ Russell Landy
Russell Landy
Florida Bar No. 44417
Email: rlandy@dvllp.com
Vincenzo Lamonica
Florida Bar No. 1058073
Email: vlamonica@dvcattorneys.com
DAMIAN | VALORI | CULMO
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965
*Counsel for Plaintiff*